IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARRY GOREL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HIRAM PAYAN, UNITED FINANCIAL CASUALTY COMPANY, and PROGRESSIVE COMMERCIAL INSURANCE COMPANY,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 2:24-cv-00517-JNP-DBP<br><br>District Judge Jill N. Parrish |

　　　　On October 4, 2024, the court ordered Plaintiff Barry Gorel to notify the court of the basis for its jurisdiction over this action. Gorel submitted a response on November 1. Based on this response, the court concludes that Gorel has not made a preliminary showing of jurisdiction and accordingly **DISMISSES** the action without prejudice.

　　　　To explain briefly, federal courts—unlike state courts—are courts of limited subject-matter jurisdiction, meaning that they may hear cases only when empowered to do so by the U.S. Constitution and an act of Congress. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224–25 (10th Cir. 2004). The Constitution gives federal courts power to hear cases under federal law and cases between citizens of different states (even if the claims are based in state law). U.S. CONST. art. III, § 2. The Constitution empowers federal courts to hear several other kinds of cases, but these two—federal-question and diversity-of-citizenship—are the most common kinds of cases in federal court.

Congress has authorized federal courts to adjudicate all claims arising under federal law (such as the U.S. Constitution and congressional statutes). 28 U.S.C. § 1331. As to cases between citizens of different states, however, Congress has authorized federal courts to hear only those cases with complete diversity of citizenship and an amount in controversy greater than $75,000. *Id.* § 1332(a). Complete diversity of citizenship means that no plaintiff may be a citizen of the same state as any defendant. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Gorel's November 1 response does not point to any federal-law basis for his claims, and the court is unable to discern any from his complaint. So, the court lacks federal-question jurisdiction over this case. The response also suggests that he (Plaintiff) and Hiram Payan are both citizens of Utah. If so, then the parties are not completely diverse, and the court lacks diversity jurisdiction over the case. The court is unable to discern any other basis for federal jurisdiction based on the complaint and response. Consequently, the court dismisses this action without prejudice and suggests that Gorel file in the appropriate Utah state court.

Signed November 8, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge